UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

VICTORIA E. RAMPERSAD,

    Plaintiff,

v.                                              Case No: 5:21-cv-248-JSM-PRL

DENLYN, INC., DENNIS MANABAT
and HOWARD LEASING, INC.,

    Defendants.

_____

### REPORT AND RECOMMENDATION[1]

Plaintiff, Victoria Rampersad, filed this civil rights suit against Defendants Dennis Manabat, Denlyn, Inc., and Howard Leasing, Inc. alleging that she was sexually harassed by Manabat during her employment at Denlyn, Inc. and Howard Leasing, Inc. Now, Denlyn, Inc. moves to dismiss Counts VI and VII of Plaintiff's Amended Complaint. (Doc. 26).[2]

### I.    BACKGROUND[3]

Dennis Manabat is the owner and president of Denlyn, Inc. In December 2019, Denlyn, Inc. and Howard Leasing, Inc. hired Plaintiff to work part-time as Administrator. Soon after, she was offered a full-time position because she performed so well. Over the next

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] Defendant Dennis Manbat filed an answer to the Amended Complaint (Doc. 27) and the court granted Defendant Howard Leasing, Inc.'s request for an extension of time to file an answer (Doc. 33).

[3] The background "facts" are taken from the Second Amended Complaint (Doc. 19) and taken as true for purposes of this motion to dismiss.

eight months, Manabat, who portrayed himself as a mentor to Plaintiff, attempted to pursue her romantically. He asked about her personal life, sent her flowers, bought her an engagement ring, asked her to marry him, sent her messages proclaiming his love for her, instructed her to fly to Chicago to meet his family, booked hotel rooms for them, scheduled couples' massage appointments, told her he wanted to "put a child in her," and showed up to her home uninvited. Plaintiff repeatedly turned down Manabat's attempts, which led to him threatening to replace her at work. Plaintiff claims that co-workers said he did similar things to another woman.

Plaintiff alleges that Manabat forcibly kissed her on 10 to 15 occasions and repeatedly slapped or grabbed her on the rear. On June 24, 2020, Manabat was upset that Plaintiff rejected his offer to get a couples' massage, so he grabbed her head, turned her face toward his, kissed her, and stuck his tongue in her mouth. On July 24, 2020, Manabat told Plaintiff that she didn't deserve her position, he wouldn't give up until she said yes, and to think about her future. That afternoon, Manabat confronted Plaintiff about traveling to Chicago with him. She didn't respond and he told her "you know I could really just slap your f*ucking face right now, you know that?" He sat on her desk with his legs open, exposed his groin area, and told her to sit on his lap. When she refused, he backed her into a tight area of her desk, grabbed her, hugged her, and kissed her. She pushed him off and ran to a co-worker's office, who helped her get out of the building. Over the next few days, Manabat removed some of Plaintiff's job responsibilities, asked if they were "still on," said she should "think about how all of this could be yours," and told her he owned a gun.

On August 4, 2020, Plaintiff alleges she was forced to leave her employment because of Manabat's actions. On October 14, 2020,[4] Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). On May 4, 2021, the EEOC issued a Notice of Right to Sue to Plaintiff. On May 5, 2021, Plaintiff initiated this suit alleging sexual harassment, retaliation, negligent supervision, and sexual assault and battery. Now, Denlyn moves to dismiss Count VI for negligent supervision and Count VII for assault and battery. (Doc. 26).

## II.   LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). In considering the sufficiency of the complaint, the court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *Id.*

---

[4] The Amended Complaint refers to the year as 2021, but the court assumes this was a scrivener's error.

The Eleventh Circuit utilizes a two-pronged approach in its application of the holdings in *Ashcroft* and *Twombly*. First, "eliminate any allegations in the complaint that are merely legal conclusions," and then, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

A well-pled complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556. The issue to be decided when considering a motion to dismiss is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), overruled on other grounds by *Davis v. Scheuer*, 468 U.S. 183 (1984).

### III. DISCUSSION

#### A. Negligent Supervision

First, Denlyn moves to dismiss Count VI for negligent supervision. In Florida, negligent supervision occurs when, "during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicate his unfitness and the employer fails to take further action such as investigation, discharge, or reassignment." *Martinez v. Pavex Corp.*, 422 F. Supp. 2d 1284, 1298 (M.D. Fla. 2006) (citing *Watson v. The City of Hialeah,* 552 So.2d 1146, 1148 (Fla. 3d DCA 1989)). A claim for negligent supervision "must be based on an injury resulting from a tort which is recognized under common law." *Id.*

Florida does not recognize a common law cause of action for sexual harassment. *Scelta v. Delicatessen Support Servs.*, Inc., 57 F. Supp. 2d 1327, 1348 (M.D. Fla. 1999). In her response, Plaintiff argues that "the conduct here is far beyond sexual harassment and rises to the level of battery." (Doc. 31, p. 4). However, this argument does not align with the allegations in the Amended Complaint. In Count VI, Plaintiff alleges that "[w]hile employed by the Corporate Defendants, Plaintiff was sexually harassed by Manabat," "[t]he Corporate Defendants had actual notice that Manabat engaged in sexual harassment of female employees during the term of his agency with the Corporate Defendants," and "[t]he Corporate Defendants breached their duty to Plaintiff by negligently supervising Manabat after receiving actual and constructive notice of his unfitness. It was unreasonable for the Corporate Defendants not to take remedial action such as restricting Manabat's access to young female employees, taking action after [] earlier sexual harassment complaints, appropriate supervision or conducting sexual harassment seminars." (Doc. 19, ¶¶ 89, 93, 95).

Although Plaintiff's complaint does contain a count for assault and battery (Count VII), and she argues that the conduct in the general allegations describe battery, at issue here is Count VI. In Count VI, Plaintiff fails to allege that the corporate defendants negligently supervised Manabat based on an incident of battery. Instead, Plaintiff's claim, as plead in Count VI of the Amended Complaint, is for negligent supervision based on sexual harassment. *Scelta*, 57 F. Supp. 2d at 1348 (dismissing a negligent supervision claim that was based off of sexual harassment, even though the complaint also contained counts for battery); *Vernon v. Medical Management Assoc. of Margate,* 912 F. Supp. 1549, 1563–64 (S.D. Fla. 1996) (dismissing a plaintiff's claim for negligent supervision because the underlying misconduct alleged was sexual harassment).

Accordingly, Count VI for negligent supervision is due to be dismissed because sexual harassment is not recognized under common law in Florida.

### B. Vicarious Liability for Assault and Battery

Next, Denlyn moves to dismiss Count VII for assault and battery because it claims it cannot be vicariously liable for the alleged sexual assault and battery of one of its agents.

Under the doctrine of respondeat superior, an employer can be held vicariously liable for the acts of an employee if the acts "were committed during the course of the employment and to further a purpose or interest, however excessive or misguided, of the employer." *Doe v. St. John's Episcopal Par. Day Sch., Inc.*, 997 F. Supp. 2d 1279, 1287 (M.D. Fla. 2014) (quoting *Iglesia Cristiana La Casa Del Senor, Inc. v. L.M.,* 783 So.2d 353, 356 (Fla. 3d DCA 2001)) Under Florida law, an employee's conduct is within the scope of his employment if: "1) the conduct is of the kind he was employed to perform; 2) the conduct occurs substantially within the time and space limits authorized or required by the work to be performed, and 3) the conduct is activated at least in part by a purpose to serve the master." *Id.* at 1288.

Generally, sexual assaults and batteries are outside the scope of employment and insufficient to impose vicarious liability on the employer. *Id.* There is an exception where the employee "was assisted in accomplishing the tort by the existence of the employee/employer relationship." *Id.* Here, Plaintiff alleges that Manabat, the owner/agent of Denlyn, sexually assaulted her incidentally to engaging and discussing matters with Plaintiff regarding her future with the company. (Doc. 19, ¶ 98). At this point in the proceedings, Plaintiff has adequately alleged facts to impose vicarious liability on Denlyn. *See Doe*, 997 F. Supp. 2d at 1289 (allowing a claim for sexual assault to remain under respondeat superior because whether the tortfeasor was assisted in accomplishing the tort by virtue of the

employer/employee relationship is a fact intensive inquiry); *Blount v. Sterling Healthcare Grp., Inc.*, 934 F. Supp. 1365, 1368, 1372–73 (S.D. Fla. 1996) (allowing respondeat superior claim to remain where plaintiff alleged that the employee-defendant, the President of the employer-defendant, "was acting as [the plaintiff's] supervisor during work hours and on work premises, and so in the scope of his employ when the alleged torts were committed" and the issue of vicarious liability was "a question of fact best decided by a jury").

Therefore, Denlyn's motion to dismiss Count VII should be denied.

### IV. RECOMMENDATION

For the reasons stated above, it is **RECOMMENDED** that Denlyn's motion to dismiss (Doc. 26) be **GRANTED** as to Count VI and **DENIED** as to Count VII.

Recommended in Ocala, Florida on August 23, 2021.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy